UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NIKITA HAMPTON,<br>    Petitioner,<br><br>V.<br><br>USA,<br>    Respondent. | Civil Action No. 6: 19-015-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Nikita Hampton is a prisoner confined at the Federal Correctional Institution ("FCI")-Manchester in Manchester, Kentucky. Proceeding without an attorney, Hampton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence. [R. 1] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In March 2005, after a jury trial in the United States District Court for the Northern District of Illinois, Hampton was convicted of ten counts of bank robbery in violation of 18 U.S.C. § 2113(a), one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a) and 2, and two counts of brandishing a firearm during the commission of a robbery in violation of 18 U.S.C. § 924(c)(1)(A) and (C). In August 2005, Hampton was sentenced to a total term of imprisonment of 444 months. Three hundred months of Hampton's total sentence stem from his two weapons offenses and the penalties assigned to him by the court under 18 U.S.C. §

924(c). *United States v. Hampton*, No. 1:03-CR-0983-1 (N.D. Ill.). Hampton is currently projected to be released from the custody of the federal Bureau of Prisons ("BOP") on May 11, 2036. *See* https://www.bop.gov/inmateloc/ (last visited on February 19, 2019).

In his habeas petition, Hampton claims that his defense counsel erroneously failed to object to the trial court's misapplication of § 924(c)(1)(C). [R. 1 at p. 6] Hampton references the recently-enacted First Step Act of 2018 and, specifically, the Act's clarification of § 924(c). In light of the Act, he asks this Court to vacate all of his § 924(c) counts of conviction and order his immediate release from custody. [R. 1 at p. 7] Hampton's petition is now before the Court for a preliminary screening pursuant to 28 U.S.C. § 2243. The Court evaluates Hampton's petition under a more lenient standard because he is proceeding without an attorney, and the Court, at this stage of the proceedings, accepts his factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite the lenient construction afforded to Hampton's petition, Hampton is not entitled to the relief he seeks. As an initial matter, Hampton challenges the legality of his conviction and sentence in his habeas petition. While a federal prisoner may challenge the legality of his convictions and sentence in a 28 U.S.C. § 2255 motion before the sentencing court, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). But Hampton's petition challenges the underlying sentence he actually received, not the manner in which his sentence is being executed.

Limited exceptions do exist under which a federal prisoner may challenge the validity of a conviction or sentence in a § 2241 proceeding. The Sixth Circuit Court of Appeals has explained that a prisoner can only challenge the validity of his sentence by way of § 2241 if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, Hampton has not demonstrated that either of those circumstances exist in his case.

To the extent Hampton relies on the recently enacted criminal justice reform law ("the First Step Act of 2018"), that law does not provide Hampton with the relief he seeks. The First Step Act does eliminate the practice of "stacking" gun sentences from the same incident on top of a sentence for a crime of violence, such as the sentence imposed in Hampton's case. But, unfortunately for Hampton, that provision of the Act does not apply retroactively to provide him with any relief. *See* Public Law 115-015, \_\_\_\_, 2018, 132 Stat. 015, § 403 (explaining that the Act's clarification of § 924(c) applies only where a sentence has not already been imposed). Thus, the First Step Act does not provide an intervening change in statutory law that is applicable to Hampton, such that he may proceed under 28 U.S.C. § 2241. Because the relevant provision of the Act—at least at this point in time—is not retroactive to Hampton's sentence, the Act does not prove his actual innocence as is required under *Wooten v. Cauley*. *See* 677 F.3d at 307-08.

Accordingly, the Court hereby **ORDERS** as follows:

1. Hampton's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously herewith.

Entered: February 20, 2019.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY